UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALICIA ANN LINWOOD, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 3:24-CV-01963-B (BT) |
| | ) | |
| FINANCE AMERICA, LLC. et al. | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are *pro se* plaintiff Alicia Ann Linwood's motion for leave to proceed in forma pauperis (IFP) and "Motion for Emergency Relief" to stay an impending foreclosure of her property scheduled for today, August 6, 2024. Docs. 4, 6. For the following reasons, the motions are **DENIED.**

Starting with the IFP motion, Linwood has not paid the filing fee. She moved for leave to proceed IFP, but her motion reveals that she makes, or made at some unspecified time, $4500 a month. Doc. 4 at 2.

A federal district court may authorize a person to bring a civil action IFP–without the prepayment of fees–when the person submits an affidavit establishing they are unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant to determine whether the payment of fees would "cause undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

Here, Linwood claims that, in an unspecified time frame, she made $4500 a month. And her expenses are $1,039 a month. Although it is unclear whether Linwood is still making that much a month, it is ultimately her burden to show that she is entitled to proceed IFP, and any confusion cuts

against her application. Because Linwood fails to show that the payment of the $405.00 filing fee would cause an "undue financial hardship," her motion to proceed IFP is **DENIED**, and she must pay the full $405.00 filing fee.

Turning to the motion for emergency injunctive relief, because Linwood has not paid the filing fee and is not entitled to proceed IFP at this time, her claims are not properly before the Court, so her motion for emergency relief is denied on that basis.

But even were the Court to consider the request for emergency relief, it must be denied.

Linwood seeks an ex parte temporary restraining order (TRO). Federal Rule of Civil Procedure 65 provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

(A) Specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Fed. R. Civ. P. 65(b)(1). In this case, Linwood, who is acting as her own attorney, has failed to allege specific facts showing that immediate and irreparable injury will result. Her allegations on this issue are wholly conclusory. *See* Doc. 6 at 2 ("Immediate relief is necessary to prevent irreparable harm to the Petitioner's property and legal interests. The auction is imminent, and without intervention, Petitioner will suffer significant and potentially irreversible damage."). Nor has she certified in writing any efforts made to give notice to Defendants and the reason why notice should not be required before a temporary restraining issue is ordered. Though her motion includes a "certificate of service," she failed to sign it. *See* Doc 6. at 2.

Further, on the merits, to get a TRO, Linwood must show (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *See Women's Med. Ctr. of Northeast Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001). Linwood's motion contains only conclusory arguments on these elements. *See generally* Doc. 6. For example, on the merits, she argues only that "[p]etitioner has a substantial likelihood of success on the merits of the case, including potential legal and factual issues that challenge the validity of the foreclosure." Doc. 6 at 2. Linwood has not satisfied her burden of showing that she is entitled to emergency injunctive relief.

For these reason, Linwood's motion to proceed IFP (Doc. 4) and "Motion for Emergency Relief" (Doc. 6) are **DENIED**. Linwood must pay the full filing fee of $405.00 or submit a clarifying motion to proceed IFP showing that she is entitled to proceed without payment of fees by **September 6, 2024**, or her case may be dismissed without prejudice under Federal Rule of Civil Procedure 41(b).

**SO ORDERED**, August 6, 2024.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

3