UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALICIA ANN LINWOOD, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 3:24-CV-01963-B (BT) |
| | ) | |
| FINANCE AMERICA, LLC. et al. | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

For the following reasons, plaintiff Alicia Ann Linwood's case will be **DISMISSED WITHOUT PREJUDICE** by separate judgment under Federal Rule of Civil Procedure 41(b) for failure to follow court orders and failure to prosecute. Defendant SN Corporation and U.S. Bank National Association as Trustee of the Bungalow Series III Trust's (Defendant) motion to dismiss for failure to state a claim (Doc. 11) is **DENIED** as moot.

### Background

On July 30, 2024, Linwood, proceeding *pro se,* filed a civil complaint for breach of contract and fraud against several entities related to a mortgage loan. *See generally* Doc. 3. She moved to proceed *in forma pauperis* (IFP) when she filed her complaint. Doc. 4. A few days later, Linwood filed a motion for a temporary restraining order (TRO) to prevent the defendants from foreclosing on her home. Doc. 6.

On August 6, 2024, the Court denied Linwood's motions for a TRO and to proceed IFP. Doc. 8. The Court noted that Linwood claimed to make $4,500 a month during an unspecified period, but it was unclear whether she was still making that much when she filed her complaint. *Id.* at 1-2. The Court ordered Linwood to pay the full $405.00 filing fee or to submit a clarifying motion

to proceed IFP by September 6, 2024. *Id.* at 3. The Court warned Linwood that her failure to comply might result in the dismissal of her case under Fed. R. Civ. P.  41(b). To date, Linwood has not paid the filing fee or filed a clarifying motion for leave to proceed IFP.

On September 25, 2024, Defendant filed a motion to dismiss Linwood's complaint for failure to state a claim upon which relief can be granted. Doc. 11.

## Legal Standards and Analysis

A district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court enjoys limited discretion to grant or deny IFP status based on the financial resources of the litigant. *See Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 337 (1948).

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir.1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser

sanctions would be futile. *See id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Here, Linwood was instructed to pay the full filing fee or a motion to proceed IFP that showed her entitlement to proceed IFP by September 6, 2024. And the Court warned Linwood that her failure to pay the filing fee or to submit a clarifying IFP motion might result in the dismissal of this case under Fed. R. Civ. P. 41(b). But, to date, Linwood has not complied with the Court's order. This case cannot proceed without Linwood paying the filing fee or showing her entitlement to proceed IFP. Therefore, by separate judgment, this case will be dismissed without prejudice under Fed. R. Civ. 41(b) for failure to prosecute and failure to follow court orders.

### Conclusion

Linwood's case will be **DISMISSED WITHOUT PREJUDICE** by separate judgment for failure to prosecute and failure to follow court orders under Fed. R. Civ. P. 41(b). Defendant's motion to dismiss (Doc. 11) is **DENIED AS MOOT**.

**SO ORDERED**, October 7th, 2024.


_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

3